IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff**<br><br>v.<br><br>JAVIER DÍAZ-CASTRO,<br><br>**Defendant** | **CRIM NO.** 10-333-4(RAM) |

**OPINION AND ORDER**

RAÚL M. ARIAS-MARXUACH, United States District Judge.

This matter comes before the Court on the United States Court of Appeals for the First Circuit's (the "First Circuit") Mandate and Judgment instructing the Court to evaluate Defendant Javier Díaz-Castro's ("Defendant" or "Díaz-Castro") *Motion for Compassionate Release (Sentence Reduction)* at Docket No. 1250 in light of United States v. Ruvalcaba, 26 F.4th 14, 16 (1st Cir. 2022). (Docket Nos. 1296 and 1297). For the reasons discussed below, Defendant's request for a sentence reduction is **GRANTED IN PART**.

I.   BACKGROUND

On September 30, 2010, Defendant was indicted on 6 counts of a 33-count indictment. (Docket No. 7). He was charged with: (1) Conspiracy to Possess with Intent to Distribute a Controlled Substance, namely five kilograms or more of a mixture or substance

Criminal No. 10-333-4                                                                    Page 2

containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) ("Count 8" and "Count 14"); Attempt to Possess with Intent to Distribute a Controlled Substance in violation of 21 U.S.C. §§ 846 and 841(a)(1) and 18 U.S.C. § 2 ("Count 9" and "Count 15"); and Possession of a Firearm in Relation to a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c) ("Count 10" and "Count 16"). Id. at 5-10. On December 12, 2011, Defendant was found guilty on all counts. (Docket No. 761). Consequently, Díaz-Castro was sentenced to 120 months as to Counts 8, 9, 14, and 15; 60 months as to Count 10; and 300 months as to Count 16. (Docket No. 943 at 2). All terms were to be served consecutively with each other for a total term of imprisonment of 480 months, *i.e.*, 40 years. Id.

On January 28, 2021, Díaz-Castro filed the pending *Motion* requesting a reduction of his sentence. (Docket No. 1250). Defendant explains that his sentence consists of a 10-year mandatory minimum for the drug conspiracy charges coupled with a "stacked" 30-year mandatory minimum for the firearm charges (*i.e.*, 5 years for the first § 924(c) count, plus 25 years for the second). Id. at 4-5. Because Congress subsequently eliminated the "stacked § 924(c) punishment scheme," if sentenced today, Defendant would face a mandatory cumulative sentence of 240 months – significantly lower than the 480 months he received in 2012. Id. at 5. Moreover,


Díaz-Castro highlights that, although the sentencing judge posited that a lesser sentence (of approximately 17 years) could suffice, he did not have leeway in light of the mandatory minimums. <u>Id.</u> at 5. Essentially, Díaz-Castro avers that the extraordinary and compelling reason that supports a sentence reduction in his case is the "inordinately lengthy mandatory prison term he received due to a now outlawed § 924(c) stacking scheme." <u>Id.</u> at 10.

The Government filed its *Response in Opposition* on April 8, 2021, asserting that Defendant does not satisfy the requirements for compassionate release. (Docket No. 1258). Defendant filed a Reply on April 27, 2021. (Docket No. 1265).

Pursuant to the Court's orders at Docket Nos. 1259 and 1277, both parties filed supplemental briefs as to Section 924(c) stacking and compassionate release. (Docket Nos. 1271 and 1286). The Government opposed Defendant's *Motion* for three main reasons: (1) § 1B1.13 of the Sentencing Guidelines is binding and does not allow for the relief requested by Díaz-Castro; (2) non-retroactive changes in sentencing law do not qualify as extraordinary circumstances warranting compassionate release; and (3) the importance of finality and consistency with regards to sentences. (Docket No. 1286).

On June 28, 2021, the Court denied Defendant's request for compassionate release without prejudice and stated that "[t]he

Criminal No. 10-333-4                                                  Page 4

Court is in agreement with the 6th Circuit's decision in <u>United States v. Jarvis</u>, ___F.3d___, Case No. 20-3912 (JSS), 2021 WL 2253235, at *2-3 (6th Cir. June 3, 2021), to the effect that retroactive unstacking may not be used as grounds for compassionate release." (Docket No. 1287). Defendant appealed this determination. (Docket No. 1289).

On appeal, the First Circuit ultimately issued the following Judgment:

> The district court's June 28, 2021, order denying Diaz-Castro's "motion for compassionate release (sentence reduction) based on extraordinary and compelling circumstances)" is VACATED, and this matter is REMANDED to the district court so that it may evaluate the motion in light of United States v. Ruvalcaba, 26 F.4th 14, 16 (1st Cir. 2022) (holding that a district court "may consider the [First Step Act's] non-retroactive changes in sentencing law on an individualized basis, grounded in a defendant's particular circumstances, to determine whether an extraordinary and compelling reason exists for compassionate release"), and any other relevant precedent. We express no opinion as to the appropriate outcome on remand. Any party wishing to appeal from any new ruling should file a new notice of appeal.

(Docket No. 1296). The remanded case was then transferred to the undersigned on May 2, 2022. (Docket No. 1295). The Mandate was received on May 24, 2022.

## II.  APPLICABLE LAW

A court cannot generally modify a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). However, it may modify a sentence or grant compassionate release to a defendant subject to certain requirements. Id. § 3582(c)(1)(A). Pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act ("FSA") on December 21, 2018, a court may not modify a final sentence unless: (a) the defendant has fully exhausted administrative remedies; (b) the court has considered "the factors set forth in section 3553(a) to the extent that they are applicable," and (c) the court finds that "extraordinary and compelling reasons warrant such a reduction[.]" Specifically, the factors set forth in 18 U.S.C. § 3553(a) consist of: the nature and circumstances of the offense; the history and characteristics of the defendant; the need of the sentence imposed to reflect the seriousness of the offense, promote respect for the law, protect the public, and provide just punishment; and the kinds of sentences available, among others. On the other hand, per First Circuit precedent, extraordinary and compelling reasons can consist of "(A) medical reasons; (B) age; (C) family circumstances; and (D) [o]ther [r]easons[.]" United States v. Saccocia, 10 F.4th 1, at 7 (1st Cir. 2021) (quoting U.S.S.G § 1B1.13).

In addition to modifying § 3582(c)(1)(A), the FSA also prospectively eliminated the 18 U.S.C. § 924(c) "stacking regime" which applied to Defendant's sentence. Rivera-Ruperto v. United States, 2022 WL 980857, at *3 (D.P.R. 2022) (quoting Ruvalcaba, 26 F.4th at 31. (Barron, J., concurring)). Before the FSA, individuals with a § 924(c) conviction for use or possession of a firearm in relation to a crime of violence or drug trafficking crime "received a mandatory minimum sentence of twenty-five years imprisonment for each subsequent one, even where the prior conviction was not yet final" and the sentences "would run consecutively." Id.

Recently, in United States v. Ruvalcaba, the First Circuit established two key holdings for the case at bar. First, it held that "district courts – when adjudicating prisoner-initiated motions for compassionate release - have discretion, unconstrained by any policy statement currently in effect, to consider whether prisoner's particular reasons are sufficiently extraordinary and compelling to warrant compassionate release." Ruvalcaba, 26 F.4th at 23. (citation omitted). However, a district court's discretion "remains circumscribed by statutory standards, which obligate the district court to find a reason that is both 'extraordinary and compelling'" before granting a motion for compassionate release. Id. (citing United States v. Canales-Ramos, 19 F.4th 561, 566 (1st Cir. 2021)).

Second, the First Circuit found that Congress never "expressly prohibited district courts from considering non-retroactive changes in sentencing law[.]" Id. at 25. Thus, district courts have discretion to conduct "an **individualized review of a defendant's circumstances and [effectuate] a sentence reduction . . . based on any combination of factors (including unanticipated post-sentencing developments in the law)**." Id. at 26 (citations omitted) (emphasis added). *See also* Setser v. United States, 566 U.S. 231, 242-43 (2012) (holding that "when the district court's failure to anticipate developments that take place after the first sentencing produces unfairness to the defendant," section 3582(c)(1)(A) "provides a mechanism for relief"); States v. McCoy, 981 F.3d 271, 285-87 (4th Cir. 2020) (affirming the district court's judgment granting compassionate release on the grounds of defendants' § 924(c) sentences, the sentencing disparity after the FSA's amendments, and each defendant's individual circumstances); United States v. Maumau, 993 F.3d 821, 837 (10th Cir. 2021) (Tymkovich, J., concurring) ("[A] district court may consider the legislative change to the stacking provision only in the context of an individualized review of a movant's circumstances.").

### III. DISCUSSION

The Government's primary objections, namely that § 1B1.13 of the Sentencing Guidelines is binding and that non-retroactive

Criminal No. 10-333-4                                                                 Page 8

changes in sentencing law cannot warrant compassionate release, are no longer relevant in light of Ruvalcaba. (Docket No. 1286). Thus, this Court must review the record, the changes in the § 924(c) sentencing rules, and Díaz-Castro's particular circumstances to decide if Defendant has established extraordinary and compelling reasons for granting his *Motion* and whether the § 3553(a) factors warrant the requested sentence reduction. *See* United States v. Salinas-Acevedo, 2021 WL 5919786, at *2 (D.P.R. 2021).

Defendant was convicted of the following crimes: conspiracy to possess with intent to distribute a controlled substance; attempt to possess with intent to distribute a controlled substance; and possession of a firearm in relation to a drug trafficking crime. (Docket No. 761). Díaz-Castro, who was sentenced on July 12, 2012, has been in custody since October 6, 2010, thereby serving more than 10 years of his sentence. (Docket Nos. 899 at 2 and 942). On the date of the arrest, Defendant was 29-years old and had a 9-year-old son. (Docket No. 899 at 2, 15). Defendant had **no** prior criminal history and had been serving as a police officer for 9 years. Id. at 7, 13.

As noted above, if sentenced for the same conduct today, Defendant would receive a mandatory cumulative sentence of 240 months (*i.e.*, 10 years on the drug counts, and two 5-year sentences

Criminal No. 10-333-4                                                    Page 9

for the firearm related counts) as opposed to 480 months. At the sentencing hearing, the Court noted that while "based on 3553(a) factors, [480 months] may be a sentence that is beyond sufficient and greater than necessary[,]" the Court had a "Congressional mandate" to impose at least the statutory minimum. (Docket No. 979 at 35). Moreover, the sentencing Judge asserted that in this case, an approximately 17-year sentence would be "sufficient but not greater than necessary[.]" Id. at 52. Therefore, the total remaining term of incarceration would not only be disproportionate to "the seriousness of the offense and to what Congress now deems appropriate for this kind of conduct[,]" it would be more than double than what the sentencing judge considered sufficient in Díaz-Castro's particular case. McCoy, 981 F.3d at 279 (quotation omitted).

Following his conviction, Díaz-Castro has made impressive efforts towards rehabilitation. He has taken advantage of numerous educational and vocational programs including parenting, drawing, business etiquette, and basic electrical skills. (Docket No. 1250-1). Defendant has contributed significantly towards the special monetary assessment imposed by the Court and his forfeiture obligations. (Docket No. 1250 at 23-24). While incarcerated, Defendant has had no disciplinary infractions and has served his community working as a cook. Id. at 23.

Although the crimes are serious, nothing in the record indicates that the full 480-month sentence is required to provide just punishment, afford adequate deterrence to criminal conduct, protect the public from further crimes, or provide needed educational training. *See* 18 U.S.C. § 3553(a)(2). Instead, the record reflects that Defendant's current sentence was disproportionate *even before* the FSA eliminated § 924(c) stacking. Upon considering the totality of Díaz-Castro's particular circumstances coupled with the FSA's elimination of § 924(c) stacking, the Court finds that extraordinary and compelling circumstances are present and a sentence reduction under 18 U.S.C. § 3582(c) is warranted.

### IV.  SENTENCE

According to the Presentence Investigation Report, Defendant had a total offense level of 34 and a criminal history category of I. (Docket No. 899 ¶ 58). Therefore, the guideline imprisonment range for Defendant's 21 U.S.C. § 846 and 841(a)(1)(A) violations was between 151 and 188 months. Id. Nevertheless, Defendant was sentenced to the minimum required sentence of **120 months** as to the counts related to the conspiracy to possess with intent to distribute and attempt to distribute 17 kilograms of cocaine in violation of 21 U.S.C. § 846 and 841(a)(1)(A) (*i.e.*, Counts 8, 9, 14 and 15). (Docket Nos. 899 ¶ 57 and 943 at 2). Per the updated

Criminal No. 10-333-4                                                    Page 11

Sentencing Guidelines, Defendant's offense level would be reduced to 32 and the applicable guideline imprisonment range would be 121-151 months.

Additionally, Díaz-Castro received the 360-month statutory minimum sentence for his two convictions in violation of § 924(c), specifically 60 months as to Count 10, and 300 months as to Count 16. Id. Per 18 U.S.C. § 924(c)(1)(A)(i) as amended by the FSA, "any person who, during and in relation to any crime of violence or drug trafficking crime ... shall, in addition to the punishment provided for such crime of violence or drug trafficking crime ... be sentenced to a term of imprisonment of not less than **5 years**[.]" (emphasis added). If sentenced today, Defendant would be subject to a 10-year statutory minimum for his two convictions in violation of § 924(c), instead of the 30-year statutory minimum he received for said counts.

The Court cannot ignore that at the time of the arrest, Defendant was a police officer with nearly a decade of service. (Docket No. 899). Moreover, he was willing to use his weapon to defend, and in furtherance of, drug trafficking offenses. However, he was a 29-year-old at the time and had no prior criminal history. Moreover, he has since made considerable efforts toward his rehabilitation and would be well into his middle-age if sentenced to the mandatory minimum that would apply at present. Moreover, he

will be subject to a considerable 5-year term of supervised release, which will provide a further deterrent effect.

Therefore, having considered the nature and circumstances of the offenses, Defendant's history and characteristics, the need to promote respect for the law and protect the public from further crimes by the Defendant, as well as provide just punishment, the Court deems that a sentence of 120 months for Counts 8, 9, 14 and 15 and 120 months for Counts 10 and 16, for a total of 240 months is one that is sufficient but not greater than necessary.

### V.  CONCLUSION

In accordance with the above, Defendant Javier Díaz-Castro *Motion for Compassionate Release (Sentence Reduction) Based on Extraordinary and Compelling Circumstances* at Docket No. 1250 is **GRANTED IN PART**. Plaintiff's sentence is hereby reduced to 240 months of imprisonment.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico this 19th day of October 2022.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge